IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**MID-SOUTH OUTLET SHOPS, LLC**     **PLAINTIFF**
**c/o TANGER MANAGEMENT, LLC**

**V.**     **NO: 3:21-CV-00256**

**C70 BUILDERS, INC.,**     **DEFENDANT**

**V.**

**SPEC7 GROUP, LLC, et al.,**     **THIRD-PARTY DEFENDANTS**

## ORDER

Plaintiff brings claims of breach of contract and negligent construction against Defendant C70 Builders, Inc. ("C70") based on alleged defects in the construction of a shopping mall in Southaven, Mississippi. (ECF No. 2). Defendant C70 in turn brings claims against its subcontractors, including Third-Party Defendants Spec 7 Group ("Spec 7") and EMB Quality Masonry, LLC ("EMB"), among others. (Third-Party Compl., ECF No. 30). The matter is before the Court on the Joint Motion to Dismiss and to Compel Arbitration filed by Spec 7 and EMB. (ECF No. 76). The deadline for response has passed, and C70 has filed no response despite ample time to do so. This is the decision of the Court.

### Background

Defendant C70 served as general contractor in the construction of the Tanger Outlets in Southaven, Mississippi. Third-Party Defendants EMB and Spec 7 entered subcontracts with C70 in connection with this construction project. (ECF No. 66, 66-1, 66-2). The subcontract between C70 and Spec 7 reflects that the parties selected binding dispute resolution through mediation and

arbitration administered by the American Arbitration Association for any "[c]laims, disputes, or other matters in controversy arising out of or related to this Subcontract…." (ECF No. 66-1, PageID.801). The 2015 and 2021 subcontracts between C70 and EMB state the same. (ECF No. 66-2, PageID.808-09; ECF No. 66-3, PageID.819-20). There is no record evidence of the parties selecting any other means of dispute resolution. No party has challenged the validity of the subcontracts.[1]

## Legal Standards and Discussion

In adjudicating a motion to compel arbitration under the Federal Arbitration Act, 9 U.S.C. §§ 1-16, a court first considers whether the parties agreed to arbitrate the dispute in question. *American Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 537 (5th Cir. 2003). To make this determination, the court considers "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that agreement." *Id.* (quotation marks omitted). Ordinary contract principles apply to this analysis. *Id.*, at 538.

The subcontracts are facially valid, and no party has contested the validity of the subcontracts. All the claims C70 brings against Spec 7 and EMB in this case arise out of or are related to the construction of the Tanger Outlets. (Third-Party Complaint, ECF No. 30). The subcontracts govern Spec 7 and EMB's work on the Tanger Outlets. The dispute resolution provisions of the subcontracts are broad and unambiguous and require the mediation and arbitration of disputes arising out of or related to the construction of the Tanger Outlets. For these

---

[1] The Court notes that the copy of the 2021 subcontract between C70 and EMB placed on the record (ECF No. 66-3) does not appear to bear a signature from C70. Neither party has raised this as an issue or suggested that C70 did not intend to be bound by the 2021 subcontract with EMB.

2

reasons, the Court finds the motion to dismiss and compel arbitration filed by Spec 7 and EMB well-taken. Spec 7 and EMB are entitled to the relief they seek.

**ACCORDINGLY, IT IS ORDERED**:

1. The Motion to Dismiss and Compel Arbitration filed by Third-Party Defendants Spec 7 Group, LLC and EMB Quality Masonry, LLC (ECF No. 76) is **GRANTED**.

2. The disputes between C70 and Third-Party Defendants Spec 7 Group, LLC and EMB Quality Masonry, LLC at issue in this case shall proceed to mediation and arbitration as provided in the subcontracts.

3. Third-Party Defendants Spec 7 Group, LLC and EMB Quality Masonry, LLC, are **DISMISSED** from this case.

**SO ORDERED AND ADJUDGED**, this the 20th day of April, 2023.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**